UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | |
| **ZACHARY ZWERKO,** | Criminal **No.** 1:44cr00715-002 (AKH) |
| Defendant. | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Zachary Zwerko ("Zwerko" or "the Defendant"), by and through undersigned counsel, respectfully submits this Memorandum to assist this Honorable Court in imposing an appropriate sentence. Nothing in this Memorandum is intended to excuse the conduct of the defendant; he realizes it is inexcusable, acknowledges responsibility therefore, and apologizes. He pled guilty because he is guilty. He participated in the subject offense conduct but seeks to describe to the Court more specifically why the conduct occurred. This Memorandum then, is being offered to assist in properly placing the Defendant, and the offense conduct, in context, particularly with regard to the United States Sentencing Guidelines and 18 U.S.C. §3553(a).

For the reasons set forth herein, the Defendant requests that he be sentenced to a non-incarceration sentence of house arrest, mandatory restitution in an appropriate amount, no fine, and probation with conditions of community service and continuing psychotherapeutic intervention to deal with the periods of deep depression/anxiety as a consequence of a life-threatening childhood cancer which necessitated multiple surgeries over an extended period of time, and both traumatized him and financially virtually bankrupted his lower middle class New Jersey family, followed by a re-traumatizing event in 2012, discussed infra., which resulted in a

serious psychiatric meltdown.  *See,* "Forensic Psychiatric Evaluation" by Dr. Roger Gray, attached hereto as Exhibit A.  Your undersigned counsel respectfully suggests that the requested sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), reflecting the seriousness of the offense, while promoting respect for the law, and providing a just punishment within the context of his offense conduct and personal characteristics.

Respectfully, this proposed sentence reflects both the underlying psychopathology/diminished capacity affecting his emotional and cognitive abilities during the period of the offense conduct[1] and the significant mitigation provided by the Defendant's exemplary life prior, and subsequent, to, the said offense conduct as well as takes into consideration a variety of other mitigating 18 U.S.C. 3553(a) factors, discussed, in greater detail, infra.  It also reflects your undersigned counsel's belief that not only does the Sentencing Court have the discretion, if not the obligation, to independently determine the applicable sentencing guideline range, it must also, after an independent and thorough analysis of all 18 U.S.C. 3553(a) factors, determine the most just sentence as well[2].  And, that given that Zwerko received only $57,000 of the $737,000 total profit, the remainder going to the actual "tippee/trader" co-defendant, David Post; and that given that $57,000 generates an adjusted total offense level of 13, not 21; and given that while Zwerko's "insider" trading is illegal, officers, directors, and owners of 10% or more of the outstanding shares of Zwerko's employer, who are the true "insiders" are free to profit from the unfettered use of the material, non-public information as long as they disclose same to the SEC, within 48 hours of their actual trades; it is evident that a rational analysis of the penalties (if not the crime itself)  of "insider trading", would suggest, if

---

[1] While the Presentence Report refers to offense  conduct between 2010 and 2014, it's clear that the actual criminal conduct, at least with regard to conspiracy in court, spans only January, 2012 – June, 2014, a period of approximately two years.

2

not compel, the conclusion that the stipulated applicable guideline range for the Defendant's conduct greatly overstates the seriousness of the actual offense conduct, and along with his, significantly diminished capacity, would commend the proposed non-incarceration sentence as the best resolution of the competing §3553(a) factors.

Parenthetically, it should also be noted that while the Plea Agreement sets out certain agreed-upon parameters for a stipulated guideline range, it also expressly states that the Sentencing Court must make its own independent determination of same. It should also be noted that the Plea Agreement does expressly state that nothing in said agreement shall limit the rights of the parties thereto to make arguments or to present evidence, for the Sentencing Court to consider imposing a sentence outside of the stipulated guideline range predicated upon the factors contained in 18 U.S.C. §3553(a) (a copy of the Plea Agreement is attached hereto as Exhibit C). The arguments made by the Defendant in support of his proposed sentence also reflects that his belief that his analysis of the requested variance is the most just resolution of the competing §3553(a) factors.

**PROCEDURAL HISTORY**

On November 7, 2014, a four count superseding felony Information was filed in the United States District Court for the Southern District of New York alleging, *inter alia*, Conspiracy to Commit Securities Fraud, in violation of 18 U.S.C. §371, and committing Securities Fraud in violation of 15 U.S.C. §78(j)(b) and (ff), and 17 CFR §§240, 10b-5 and 10b5-2 18 U.S.C. §E2. On February 19, 2015, the Defendant appeared before the Honorable Alvin K. Hellerstein and pleaded guilty to the foregoing. A final Presentence Investigation Report (PSR) was prepared by United States Probation Officer Zondra Jackson with an adjusted total offense level of 21. Sentencing is scheduled for May 15, 2015.

**BACKGROUND OF DEFENDANT AND OFFENSE CONDUCT**

The Defendant is a 32 year old divorced, but engaged male, living with his fiancè alternately in Cambridge, Massachusetts and North Plainfield, New Jersey. He is portrayed in the attached letters of support (as Exhibit B (1-8)) variously as a loving, caring fiancé, son, brother, nephew and friend who has been suffering from significant periods of severe depression/anxiety since his life and death bout with cancer as a child and its resultant intermittent depressions. An individual who has worked his way through college and an MBA degree at Rutgers University in New Jersey and who has enjoyed hard won professional successes despite the cancer and long-standing depression – a man who experienced crippling depression and anxiety after the break-up of his marriage in 2012 to his long-time (childhood) sweetheart and the attendant financial and emotional decompensation.

Thus, the Defendant respectfully requests that the Court exercise its considerable discretion and impose a sentence below the advisory guideline range; more specifically, mandatory restitution in appropriate amount, and probation with the conditions of community service and psychotherapy, no fine as the Defendant is without funds to pay same. The Defendant contends, at stated earlier, an analysis of the factors contained in the relevant provisions of the United States Sentencing Guidelines, and 18 U.S.C. § 3553(a) supports this request  - the "diminished capacity" aspects by Dr. Gray – the overstating of the seriousness of the offense conduct of "insider trading" – and the otherwise exemplary life Zachary Zwerko had lived up until 2012.  Thus, the Defendant respectfully suggests that an appropriate application of the Sentencing Guidelines 18 U.S.C. § 3553(a) factors to the circumstances herein should result in imposition of the sentence requested by the Defense, particularly with regard to the

§3553(a) factors which generally and most relevantly include the nature and circumstances of the offense and the history and characteristics of the offender.

With regard to the United States Sentencing Guidelines, the district court, while not bound by them, still must consult and consider then when imposing sentence. *United States v. Booker*, 543 U.S. 220, 264 (2004). Courts of Appeals cannot disturb a district court's sentence unless the appellate court finds that sentence unreasonable. *See id.* The United States Supreme Court clarified post-*Booker* sentencing procedure in *Gall v. United States*, 552 U.S. 38 (2007). The *Gall Court* indicated that when sentencing a defendant,

> [A] District court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing so, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

552 U.S at 49-50 (internal citations and quotation admitted). The Supreme Court re-emphasized the point stating. "[T]he sentencing court does not enjoy the legal presumption that the Guidelines sentence should apply." *Nelson v. United States*, 555 U.S. 350, 352 (2009)(quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).

Circuit Courts of Appeal have noted that sentencing courts must employ "an increased degree of justification commensurate with an increased degree of variance" from the Advisory

---

[2] It should be noted that the Defendant intends to wed his fiancé Sandra Gutierrez, as is practicable, as they have recently learned that she is pregnant with the first child for both.

5

Sentencing Guideline range, the First Circuit has also held that under a post-*Gall* rubric, "there is no stringent mathematical formula that cabins the exercise of the sentencing court's discretion. Indeed, after *Gall*, the sentencing inquiry-once the court has duly calculated the GSR-ideally is broad, open-ended, and significantly discretionary. At that point, sentencing becomes a judgment call, and a variant sentence may be constructed based on a complex of factors whose interplay and precise weight cannot even be precisely described." *See e.g.*, *United States v. Martin*, 520 F.3d 87, 91-92 (1st Cir. 2008) (internal citations and quotations omitted) (affirming a 91-month downward departure from the advisory sentencing guideline range).

In requesting this sentence, the Defendant offers no excuses for his conduct, but rather offers context and explanation. He knows and appreciates the wrongfulness of his actions and fully accepts responsibility therefor. He respectfully requests that the most just punishment in addition to his loss of reputation, savings, and the ability to ever work in the areas of his interests and expertise not to mention at the salary level he could have, would be the non-incarceration sentence requested herein. His long-term depression, triggered by the divorce in 2012 and which led to a severe extended meltdown which impaired his psyche and judgment and pulled him over the line into the criminal offense conduct[3]. His judgment, decision making, and overall capacity to process information was significantly compromised by the traumatic depression which began in the cancer of his youth emerging again in the debilitating break-up of his marriage in 2012. For a significant part of the 2012-2014 period, he was

---

[3]And, there is a certain arbitrary, if not "fictional" aspect to "Insider Trading" and the assessment of the appropriate penalties therefore. The Defendant only made $57,000, the sellers of the stock were not induced to sell and chose the price to sell –themselves - and the true "insiders" - officers, directors, or individuals owning 10% or more of the shares of stock, could trade the stock without fear of being charged criminally as long as they disclosed the trade to the SEC with 48 hours subsequent to the trade. And, as a final aside, statistics indicate that probably a very small percentage of individuals who have profited from so-called "insider trading" and did not make more than $100,000 in profit are criminally charged, even if sued civilly by the Securities and Exchange Commission (SEC) for their conduct, first.

suffering from extended depression, punctuated by post-traumatic stress and which contributed significantly, without any doubt, to the commission of the offense conduct herein[4].

The Defendant respectfully then, asks the Court to consider that, under the circumstances, the sentence requested by the defense is, in fact, sufficient to meet the purposes prescribed by 18 U.S.C. §3553(a)(2), and constitutes the most just application of the United States Sentencing Guidelines and the 18 U.S.C. §3553 (a) calculus.  A felony conviction, particularly to a man such as the Defendant, a proud man, soon to be a husband again and father for the first time, who is deeply tied to family and community, is a terrible burden that he will have to answer for, in various contexts, for the rest of his life.  Thus, there is a general deterrence in the sentence as the message is sent that violating the law will be punished with substantial consequences, loss of liberty, reputation, and separation from loved ones. Specific deterrence already has been met as the Defendant came to realize the devastating impact his behavior has had, not only upon him, but also upon his family.  The public is not in need of protection from the Defendant and ironically, it is the Defendant himself who is most shamed by the realization that his conduct has so adversely affected his reputation and future - something that his significantly impaired condition prevented him from comprehending in 2012.

In fact, the First Circuit has summarized the central principles of the post-Booker and *Gall* sentencing procedure described above, as follows:

> In the last analysis, a sentencing court should not consider itself constrained by the guidelines to the extent of that they are sound, case-specific reasons for deviating from them.  Nor should a sentencing court operate in the belief that substantial variances from the guidelines are always beyond the pale.  Rather, the court "should consider

every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue."

*United States v. Martin*, 520 F. 3d 87, 91 *(1st Cir. 2008) (*quoting *Gall,* 552 U.S. at 52*).*

For the foregoing reasons, Zachary Zwerko respectfully asks the Court to impose the requested sentence - in light of the facts and circumstances of this offense and of this offender. This is particularly true, whereas here, there was a very unfortunate collision between a very decent but flawed man and a criminal statute itself plagued with inconsistent prosecution and apparently overstated penalties, at least with regard to the circumstances of this Defendant.

Zachary Zwerko places himself in the hands of this Honorable court and humbly asks for compassion.

Dated: May 11, 2015

Respectfully Submitted,
ZACHARY ZWERKO,
By his Attorneys,

/s/ *Gary G. Pelletier*
_____
Gary G. Pelletier (GP-5459)
Pelletier, Clarke & Caley, LLC
35 Touro Street
Newport, RI 02840
Telephone: (617) 650-6719
Fax: (401) 619-3451
Email: gpelletier@pcclaw.net

/s/ *Jeffrey A. Denner*
_____
Jeffrey A. Denner
Jeffrey Denner Associates P.C.
4 Longfellow Place, 35th Floor
Boston, MA 02114
Telephone: 617-227-2800
Fax: 617-973-1562
Email: jdenner@dennerlaw.com

**Affirmation of Service**

I hereby affirm that this document filed with the ECF System will be sent to the registered participants as identified on the Notice of Electronic Filing (NEF), as well as federal response with attachments, to the Court as needed.

*Jeffrey A. Denner*
_____