Case # <u>P823581/ZJ</u>
RE: <u>ZWERKO, ZACHARY</u>
Docket #: <u>0208 1: 14 cr 00715-002 (AKH)</u>

## TO COUNSEL AND / OR DEFENDANT

Please indicate on the bottom of this form your agreement with or objection to the facts as submitted in the report. Those specific parts of the report to which you object should be listed thereafter.

__5/5/15__
DATE REVIEWED

_[signature]_
COUNSEL (Defense or ~~Government~~)

_____
DEFENDANT (if present)

## COMMENTS

_____  I decline to comment on the report at this time.

___✓_____  I concur with the facts as submitted in the report.

___✓_____  I object to certain information in the report. (Please list below)

SEE ATTACHED

Please use the back of this form or additional pages if you need more space.

FORM 456A

# J. A. DENNER & ASSOCIATES, P.C.

## COUNSELLORS AT LAW

May 5, 2015

**Via Facsimile (914) 390-4055**
**And First Class Mail**

Ms. Zondra Jackson
U. S. Probation Officer
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-1901

  *Re: United States of America vs. Zachery Zwerko*

Dear Ms. Jackson:

  The Defendant, Zachery Zwerko, concurs with the contents of the PSR except as expressly listed below;

1.  The Defendant's name is "Zachary" not "Zuchery", as contained throughout the PSR;

2.  ¶2, p. 4. The PSR suggests that the Defendant conspired from 2010-2014 to commit securities fraud. In point of fact, the Defendant's entry into any criminal conspiracy occurred approximately April, 2012, not 2010.

3.  ¶16, pgs. 6-7. The PSR states that the $57,000 actually paid to the Defendant by David Post was a "portion" of Zwerko's share of the proceeds from the scheme. That is not the case - it was, in fact, the totality of what he expected from the scheme based on the information Post had communicated to him. He had absolutely no knowledge that the actual profits obtained by Post was approximately $737,000!;

4.  ¶20, p.7/¶27, p.9. Both paragraphs state that the $57,000 paid by Post to Zwerko was only a portion of the proceeds from the scheme to be paid to Zwerko; again Zwerko, at all times material hereto, believed the $57,000 to be the total amount he was to receive;

5.  ¶32, p.9, indicates that Zwerko received a total of $114,000 as his share of the proceeds from Post; this is inaccurate as he received $57,000, the amount that was conceded to be accurate by the Government in open court at a prior proceeding in this case, according to my present memory;

6.  ¶42, p.10, adds 14 levels to the GSR based on an insider trading profit of $737,000. The court, in its independent review, would be justified in treating the amount attributable to the Defendant Zwerko as $57,000, with a corresponding addition of only 6 levels;

7.  ¶46, p.10, would now be an offense level of, 16 not 24, were the court to conduct its mandated independent review and to find the gain attributable to Zwerko to be $57,000 (+ 6 levels) not +$737,000 (+14 levels), with a final level of 13, not 21, after the 3 level subtraction for early acceptance of responsibility;

# J. A. DENNER & ASSOCIATES, P.C.

COUNSELLORS AT LAW

8. ¶101, p.17, would indicate a guideline imprisonment range of 12-18 months (level 13) rather than 37-46 months (level 21);

9. ¶107, p.18., indicates that a GSR in Zone D. which renders the Defendant ineligible for probation. Should the Court, in its independent review per ¶¶7&8 above, determine a GSR in Zone C, level 13 or determine that a downward departure (or variance) for "Diminished Capacity "(U.S.S.G. §5k2.3) is warranted, some hybrid probation may well not be precluded;

10. ¶108, p.18. Any fine imposed as well is a function of the amount of gain attributed to the Defendant per ¶¶7-9 above; and

11. ¶¶114 and 115, p.19, discuss factors that may warrant departure from the applicable advisory sentencing guideline range. The Defendant will be filing a Memorandum in Aid of Sentencing which will contain an expert psychiatric evaluation suggesting that a departure (or variance) for "diminished capacity" would be warranted herein.

Very truly yours,
Defendant, by

Jeffrey A. Denner, Esq. (pro hac vice)

Gary G. Pelletier, Esq.

cc: Jessica Masella, AUSA